PILLSBURY WINTHROP SHAW PITTMAN LLP
Joshua D. Morse (SBN 211050)
Jonathan R. Doolittle (SBN 290638)
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
Email: joshua.morse@pillsburylaw.com
jonathan.doolittle@pillsburylaw.com

*Attorneys for Silicon Valley Bank*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>MICHAEL BRENT ROTHENBERG<br>d/b/a ROTHENBERG MANAGEMENT<br>d/b/a FOLSOM MANAGEMENT a/k/a<br>MIKE BRENT ROTHENBERG,<br><br>Debtor. | Bankruptcy Case No. 22-30220 (DM)<br>Chapter 7<br><br>**LIMITED OBJECTION TO DEBTOR'S MOTION EXTEND TIME TO FILE INITIAL DOCUMENTS**<br><br>Related to Dkt No. 11 |

Silicon Valley Bank ("**SVB**"), by and through its undersigned counsel, hereby files this limited objection (the "**Objection**") to the *Motion To Extend Time to File Initial Documents* [Docket No. 11] (the "**Motion**") filed by Michael Brent Rothenberg (the "**Debtor**").

1. While SVB does not believe the Debtor's request for a lengthy delay of the deadline to complete his initial filing requirements is warranted under the circumstances, SVB takes no position with respect to the relief requested in the Motion. Instead, this Objection addresses the specious allegations contained in the Motion accusing SVB of "repeatedly disregard[ing] the automatic stay order."[1] Motion at ¶ 3.

2. To be clear, SVB has done no such thing and denies that it engaged in any "ongoing harassment" of the Debtor. *Id.* Moreover, none of SVB's actions following the commencement of this case "claimed a significant amount of valuable time during this brief process so far . . . intend[ing] to distract and obstruct [the Debtor] from meeting the bankruptcy court's deadlines." *Id.* The Debtor instead appears to be using SVB as a scapegoat to explain his dilatory behavior displayed thus far in this case.

3. By way of background, it is important to understand the Debtor's motivation in seeking bankruptcy protection. This bankruptcy case was commenced literally on the eve of the Debtor being evicted from his former San Francisco residence (the "**Premises**"). That eviction, which was scheduled to occur on May 4, 2022, at 9:30 A.M., began with SVB's foreclosure following the Debtor's non-payment of debt obligations owed to SVB that were secured by the Premises. Following the foreclosure, the Debtor failed to vacate the Premises despite SVB's numerous demands. SVB was thereafter forced to obtain entry on March 23, 2022, of a Judgment – Unlawful Detainer, a copy of which is attached hereto as <u>Exhibit 1</u>, and then issuance on April 13, 2022, of a Writ of Possession of Real Property, a copy of which is attached hereto as <u>Exhibit 2</u>. The final step of removing the Debtor from the Premises was the eviction, which was thwarted by the intervening commencement of this

---

[1] Given the lack of entry of any such order, SVB believes the Debtor is referring to the *Notice of Chapter 7 Bankruptcy Case* filing issued to the Debtor upon commencement of this case.

case on May 3, 2022, at 5:05 P.M., a mere half day before the eviction was scheduled to begin.[2] *See* Docket No. 1.

4. SVB understands from the Debtor that to stop the eviction, the Debtor advised the Sheriff for the County of San Francisco of the commencement of this case on the morning of May 4, 2022. The Debtor then reported to SVB's counsel via email that the Sheriff would no longer proceed with the eviction. Following receipt of such email, SVB has taken no further action in connection with the eviction process. Any implication to the contrary in the Motion is false.

5. The Motion also incorrectly portrays a recent hearing conducted in litigation between the Debtor and SVB (the "**Hearing**") pending before the Superior Court of the State of California for the County of Santa Clara (the "**Superior Court**"). The Hearing, which was scheduled months ago, was held on May 11, 2022, in connection with a motion to compel production of documents that SVB advanced to receive information supporting the Debtor's allegations contained in a complaint filed by the Debtor against SVB in 2019.

6. Prior to the Hearing, on May 10, 2022, the Debtor emailed the Superior Court to advise it of the commencement of this case and to request that the hearing on the motion to compel be "taken off calendar due to the automatic stay". The Debtor alleged in that email that "SVB has attempted to move forward with the 5/12/22 hearing in violation of the court order." SVB responded with its own email through counsel explaining that since the filing of the motion to compel on February 18, 2022, it had taken no steps to "move forward" with such motion. SVB also clarified its understanding that the automatic stay does not necessarily apply to the action filed by the Debtor against SVB. No response was received from the Superior Court. However, the Superior Court issued a tentative ruling that day, which stated in relevant part that SVB's counsel was "required" to appear at the hearing so that "the Court can continue the hearing." Pursuant to this order, and out of an abundance of caution, SVB's counsel appeared at the hearing the next day, which was conducted by Judge Mary E. Arand.

7. During the hearing, the Debtor claimed that he had filed a "motion for stay" seeking to take the hearing off calendar. Because Judge Arand was presiding over the law and motion calendar

---

[2] SVB is working with the Chapter 7 Trustee on a stipulation confirming SVB's right to relief from stay to proceed with the eviction. That stipulation will be presented to this Court for approval in due course.

1 | that day on behalf of Judge Socrates P. Manoukian, who is the assigned judge in that matter, it appeared that Judge Arand had not been informed of the emails referenced in the immediately preceding paragraph. SVB's counsel clarified for Judge Arand that no such motion had been filed, and instead, the Debtor emailed a copy of the *Notice of Chapter 7 Bankruptcy Case* and requested that the hearing be taken off calendar. SVB then explained the position that the Debtor's affirmative claims against the Bank were not necessarily subject to the automatic stay. Judge Arand issued a stay of the matter based on the limited material that had been submitted to the Superior Court, but did not foreclose SVB from seeking relief from that stay from this Court.

8. When SVB's counsel apprised Judge Arand of the Debtor's filing deficiencies and the possibility of the bankruptcy case being dismissed automatically because of such deficiencies by this Court as early as May 18, 2022, Judge Arand continued the hearing on the motion to compel to July 21, 2022. Judge Arand also vacated a pending trial date and set a Trial Setting Conference for September 13, 2022.

9. Pursuant to an order from the Superior Court, Debtor contacted counsel for SVB via email on May 12, 2022, to provide an alternate email address by which he would accept service of documents on a going-forward basis. Counsel for SVB did not respond or otherwise have any further contact with Debtor following the hearing on May 11, 2022.

Dated: May 19, 2022

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/ Jonathan R. Doolittle*
Joshua D. Morse
Jonathan R. Doolittle

*Attorneys for Silicon Valley Bank*

**Exhibit 1**

**UD-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: <br> Breck E. Milde (SBN: 122437) <br> Hopkins & Carley, ALC <br> 70 S. First Street <br> San Jose, CA 95113 <br> TELEPHONE NO.: 408-286-9800    FAX NO. *(Optional)*: 408-998-4790 <br> E-MAIL ADDRESS *(Optional)*: bmilde@hopkinscarley.com <br> ATTORNEY FOR *(Name)*: Plaintiff Silicon Valley Bank | **DEFAULT JUDGMENT ENTERED** <br><br> **ELECTRONICALLY FILED** <br> *Superior Court of California, County of San Francisco* <br><br> **03/23/2022** <br> **Clerk of the Court** <br> BY: NADITA MASON <br> **Deputy Clerk** |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN FRANCISCO** <br> STREET ADDRESS: 400 McAllister Street <br> MAILING ADDRESS: 400 McAllister Street <br> CITY AND ZIP CODE: San Francisco, CA 94102 <br> BRANCH NAME: | |
| PLAINTIFF: SILICON VALLEY BANK <br><br> DEFENDANT: MICHAEL B. ROTHENBERG; ALL UNKNOWN OCCUPANTS | |
| **JUDGMENT—UNLAWFUL DETAINER** <br> ☒ By Clerk    ☐ By Default    ☐ After Court Trial <br> ☐ By Court    ☒ Possession Only    ☐ Defendant Did Not Appear at Trial | CASE NUMBER: <br> CUD-21-668198 |

## JUDGMENT

1. ☒ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☒ **Clerk's Judgment** (Code Civ. Proc., § 1169). For possession only of the premises described on page 2 (item 4).
   e. ☐ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☐ plaintiff's or others' written declaration and evidence (Code Civ. Proc., § 585(d)).

2. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time)*:

   before *(name of judicial officer)*:

   b. Appearances by:
   ☐ Plaintiff *(name each)*:      ☐ Plaintiff's attorney *(name each)*:
   (1)
   (2)

   ☐ Continued on *Attachment* 2b (form MC-025).
   ☐ Defendant *(name each)*:      ☐ Defendant's attorney *(name each)*:
   (1)
   (2)

   ☐ Continued on *Attachment* 2b (form MC-025).
   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. ☐ A statement of decision (Code Civ. Proc., § 632)    ☐ was not    ☐ was    requested.

Page 1 of 2

| Form Approved for Optional Use <br> Judicial Council of California <br> UD-110 [New January 1, 2003] | **JUDGMENT—UNLAWFUL DETAINER** | Code of Civil Procedure, §§ 415.46, 585(d), 664.6, 1169 |
|---|---|---|

Case: 22-30220    Doc# 14    Filed: 05/19/22    Entered: 05/19/22 15:30:17    Page 6 of 11



| PLAINTIFF: SILICON VALLEY BANK | CASE NUMBER: |
| --- | --- |
| DEFENDANT: MICHAEL B. ROTHENBERG; ALL UNKNOWN OCCUPANTS | CUD-21-668198 |

**JUDGMENT IS ENTERED AS FOLLOWS BY:** ☐ THE COURT ☐ THE CLERK

3. **Parties.** Judgment is
   a. ☒ for plaintiff *(name each):* SILICON VALLEY BANK

      and against defendant *(name each):* MICHAEL B. ROTHENBERG

      ☐ Continued on *Attachment* 3a (form MC-025).
   b. ☐ for defendant *(name each):*

4. ☒ Plaintiff ☐ Defendant is entitled to possession of the premises located at *(street address, apartment, city, and county):*
   712 Bryant Street #6
   San Francisco, CA  94107

5. ☒ Judgment applies to all occupants of the premises including tenants, subtenants if any, and named claimants if any (Code Civ. Proc., §§ 715.010, 1169, and 1174.3).

6. **Amount and terms of judgment**
   a. ☐ Defendant named in item 3a above must pay plaintiff on the complaint:

   | | | | |
   | --- | --- | --- | --- |
   | (1) | ☐ | Past-due rent | $ |
   | (2) | ☐ | Holdover damages | $ |
   | (3) | ☐ | Attorney fees | $ |
   | (4) | ☐ | Costs | $ |
   | (5) | ☐ | Other *(specify):* | $ |
   | (6) | **TOTAL JUDGMENT** | | $ |

   b. ☐ Plaintiff is to receive nothing from defendant named in item 3b.
      ☐ Defendant named in item 3b is to recover costs: $
         ☐ and attorney fees: $         .

   c. ☐ The rental agreement is canceled.   ☐ The lease is forfeited.

7. ☐ **Conditional judgment.** Plaintiff has breached the agreement to provide habitable premises to defendant as stated in *Judgment—Unlawful Detainer Attachment* (form UD–110S), which is attached.

8. ☐ **Other** *(specify):*

   ☐ Continued on *Attachment* 8 (form MC-025).

Date: ☐ _____
                   JUDICIAL OFFICER

Date: ☐ Clerk, by _____, Deputy

**CLERK'S CERTIFICATE** *(Optional)*

(SEAL)   I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by _____, Deputy

UD-110 [New January 1, 2003]          **JUDGMENT—UNLAWFUL DETAINER**                       Page 2 of 2

**Exhibit 2**

| | | | EJ-130 |
|---|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: 122437 | | FOR COURT USE ONLY |
| NAME: Breck E. Milde | | | |
| FIRM NAME: Hopkins & Carley, ALC | | | |
| STREET ADDRESS: 70 S. First Street | | | |
| CITY: San Jose | STATE: CA | ZIP CODE: 95113 | |
| TELEPHONE NO.: 408-286-9800 | FAX NO.: 408-998-4790 | | |
| EMAIL ADDRESS: bmilde@hopkinscarley.com | | | |
| ATTORNEY FOR (name): Plaintiff Silicon Valley Bank | | | |
| ☒ ATTORNEY FOR  ☒ ORIGINAL JUDGMENT CREDITOR  ☐ ASSIGNEE OF RECORD | | | RECEIVED BY SAN FRANCISCO SHERIFF'S OFFICE 2022 APR 21 PM 4:40 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: SILICON VALLEY BANK
DEFENDANT/RESPONDENT: MICHAEL B. ROTHENBERG

CASE NUMBER: CUD-21-668198

| WRIT OF | ☐ EXECUTION (Money Judgment) | ☐ Limited Civil Case (including Small Claims) |
|---|---|---|
| | ☒ POSSESSION OF  ☐ Personal Property  ☒ Real Property | ☒ Unlimited Civil Case (including Family and Probate) |
| | ☐ SALE | |

1. **To the Sheriff or Marshal of the County of:** SAN FRANCISCO
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.
2. **To any registered process server:** You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.
3. (Name): SILICON VALLEY BANK
   is the ☒ original judgment creditor ☐ assignee of record whose address is shown on this form above the court's name.
4. **Judgment debtor** (name, type of legal entity if not a natural person, and last known address):

   ┌─────────────────────────────┐
   │ Michael B. Rothenberg       │
   │ 712 Bryant Street #6        │
   │ San Francisco, CA  94107    │
   └─────────────────────────────┘

   ☐ Additional judgment debtors on next page.
5. **Judgment entered** on (date): March 23, 2022
   (See type of judgment in item 22.)
6. ☐ Judgment renewed on (dates):
7. **Notice of sale** under this writ:
   BL a. ☒ has not been requested.
   b. ☐ has been requested (see next page).
8. ☐ Joint debtor information on next page.

9. ☒ Writ of Possession/ writ of Sale information on next page.
10. ☐ This Writ is issued on a sister-state judgment.
    **For items 11–17, see form MC-012 and form MC-013-INFO.**
11. Total judgment (as entered or renewed) $
12. Costs after judgment (CCP 685.090) $
13. Subtotal (add 11 and 12) $
14. Credits to principal (after credit to interest) $
15. Principal remaining due (subtract 14 from 13) $
16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) $
17. Fee for issuance of writ (per GC 70626(a)(l)) $ 40.00 BL
18. **Total amount due** (add 15, 16, and 17) $ 40.00 BL
19. **Levying officer:**
    a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) ............ $
    b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(j)) ................ $
20. ☐ The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

[SEAL]

CLERK OF THE COURT

Date: APR 13 2022    Clerk, by _____, Deputy

**NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.**

BOWMAN LIU

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. September 1, 2020]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

Case: 22-30220   Doc# 14   Filed: 05/19/22   Entered: 05/19/22 15:30:17   Page 9 of 11

21. ☐ Additional judgment debtor(s) *(name, type of legal entity if not a natural person, and last known address):*

22. The judgment is for *(check one):*
    a. ☐ wages owed.
    b. ☐ child support or spousal support.
    c. ☒ other.

23. ☐ Notice of sale has been requested by *(name and address):*

24. ☐ Joint debtor was declared bound by the judgment (CCP 989–994)
    a. on *(date):*
    b. name, type of legal entity if not a natural person, and last known address of joint debtor:

    a. on *(date):*
    b. name, type of legal entity if not a natural person, and last known address of joint debtor:

    c. ☐ Additional costs against certain joint debtors are itemized: ☐ below ☐ on Attachment 24c.

25. ☒ (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:
    a. ☒ Possession of real property: The complaint was filed on *(date):* October 7, 2021
       *(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)*
       (1) ☒ The *Prejudgment Claim of Right to Possession* was served in compliance with CCP 415.46. The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
       (2) ☐ The *Prejudgment Claim of Right to Possession* was NOT served in compliance with CCP 415.46.
       (3) ☐ The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the judgment may file a *Claim of Right to Possession* at any time up to and including the time the levying officer returns to effect eviction, regardless of whether a *Prejudgment Claim of Right to Possession* was served.) *(See CCP 415.46 and 1174.3(a)(2).)*
       (4) If the unlawful detainer resulted from a foreclosure (item 25a(3)), or if the *Prejudgment Claim of Right to Possession* was not served in compliance with CCP 415.46 (item 25a(2)), answer the following:
          (a) The daily rental value on the date the complaint was filed was $
          (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*

*Item 25 continued on next page*

| Plaintiff/Petitioner: SILICON VALLEY BANK | CASE NUMBER: |
|---|---|
| Defendant/Respondent: MICHAEL B. ROTHENBERG | CUD-21-668198 |

25. b. ☐ Possession of personal property.
        ☐ If delivery cannot be had, then for the value *(itemize in 25e)* specified in the judgment or supplemental order.
  c. ☐ Sale of personal property.
  d. ☐ Sale of real property.
  e. The property is described   ☒ below   ☐ on Attachment 25e.
712 Bryant Street, #6
San Francisco, CA 94107

---

### NOTICE TO PERSON SERVED

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

EJ-130 [Rev. September 1, 2020]    **WRIT OF EXECUTION**    Page 3 of 3
Case: 22-30220   Doc# 14   Filed: 05/19/22   Entered: 05/19/22 15:30:17   Page 11 of 11
American LegalNet, Inc.
www.FormsWorkFlow.com